6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUES RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:23-00124-KD-MU |
| ) | |
| DRAX BIOMASS, INC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Plaintiff Jacque Ruffin's First Amended Complaint (doc. 29). Ruffin filed his First Amended Complaint without filing a motion for leave to file an amended complaint as required by the Rule 16(b) Scheduling Order (doc. 17) and without obtaining either leave of Court or the written consent of the opposing party as required by Fed. R. Civ. P. 15(a)(2). However, in lieu of striking the First Amended Complaint, the Court construed it as a motion for leave to file an amended complaint to add Bruks Siwertell, Inc., as a Defendant, and to add new claims (doc. 33). Defendant Drax Biomass, Inc. was given an opportunity to respond to the construed Motion but did not (doc. 33). Instead, Drax filed an answer to the First Amended Complaint (doc. 34).

Upon consideration, and for the reasons set forth herein, the motion is GRANTED. The First Amended Complaint (doc. 29) is now the operative complaint in this action. <u>Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic</u>, 2023 WL 8946765, at *4 (11th Cir. Dec. 28, 2023) ("The Amended Complaint is the operative complaint in this matter."). The newly added Defendant Bruks Siwertell, Inc. shall file its answer or otherwise respond as provided in Fed. R. Civ. P. 12(a) ("Time to Serve a Responsive Pleading. (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint").

At this stage in the litigation, and absent Defendant Drax's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The docket does not indicate that Ruffin engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. Ruffin filed the construed motion within the time allowed by the Rule 16(b) Scheduling Order (doc. 17). Also, discovery does not end until September 3, 2024 (Id.). Therefore, sufficient time exists for discovery such that the parties should not be prejudiced by the addition of a new defendant and new claims. No argument has been raised that allowing the amendment would be futile.

Since the Court has not ascertained any substantial reason to deny Ruffin's construed motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Florida East

2

Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

DONE and ORDERED this 16th day of January 2024.

                                                s/ Kristi K. DuBose
                                                KRISTI K. DuBOSE
                                                UNITED STATES DISTRICT JUDGE